IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2007

## STATE OF TENNESSEE v. SAMUEL L. MANGRUM

**Direct Appeal from the Circuit Court for Williamson County**
**No. 11-CR071206     Timothy Easter, Judge**

**No. M2006-01340-CCA-R3-CD** - Filed June 29, 2007

The Defendant, Samuel L. Mangrum, was convicted by a Williamson County jury of driving under the influence, second offense. On appeal, he alleges the trial court erred in not declaring a mistrial after he objected to a portion of the videotaped stop that was played for the jury. After a thorough review of the record and applicable law, we find no error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the Appellant, Samuel L. Mangrum.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Georgia B. Felner, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Facts

The following evidence was presented at the Defendant's trial: Corporal Pat Stockdale testified that he was on patrol when he saw the Defendant's vehicle leave a tavern. As the Defendant exited the parking lot, he "took a wide turn and actually went into the oncoming lane on Drag Strip Road[,] which would not be the normal lane of traffic for him to travel on." The Defendant then turned back into the parking lot and pulled in behind the Fairview Inn, an adjacent motel. Corporal Stockdale stated that he initiated his emergency lights, and the Defendant exited his vehicle. Corporal Stockdale asked if the Defendant had recently had anything to drink. The Defendant stated he had consumed three or four beers. The Defendant then stated he only had one or two beers, but he then again stated it was three or four beers.

Corporal Stockdale then asked the Defendant to produce his driver's license, but the Defendant had considerable difficulty finding it in his wallet. Corporal Stockdale stated that he eventually found the Defendant's license after he was arrested. The Defendant was asked for his social security number, and he originally gave a number without the correct number of digits. He ultimately was able to state his social security number correctly. The Defendant stated he had consumed his last beer approximately thirty minutes before he left the tavern. Corporal Stockdale then administered two sobriety tests – the walk and turn and the one-leg stand.

In administering the walk and turn, Corporal Stockdale testified the Defendant was unable to stand, walk, turn, or count appropriately. Corporal Stockdale then asked the Defendant if he had any physical disabilities that would prevent him from performing the one-leg stand, and the Defendant responded that he did not. The Defendant, in attempting the test, was never able to lift either leg off the ground.

The State then proceeded to play the videotape of the stop, shortly into which defense counsel asked the court to stop the tape. The tape was stopped, and the court asked if a "jury-out" discussion was necessary, to which the State replied it was. The following exchange then occurred:

> **The Court**: What's about to happen General?
> **State**: The HGN, but the way we do it, we just play it straight through and we never talk about it. I mean, we don't bring the issue up and, apparently, [defense counsel] is not familiar with the way that we do it down here.
> **The Court**: I don't recall ever doing it that way.
> **Defense Counsel**: Well, Judge, it's inadmissible –
> **The Court**: I don't recall ever doing it that way, General. Maybe another judge has, but I don't recall it. But can we just fast forward past it?
> **State**: We can.
> **The Court**: Let's just do it that way just to be safe and –
> **State**: I usually just don't pay [any attention to it]– I mean I usually just do it this way, not to draw any attention to it. But, yes, we can certainly fast forward because it's not [admissible].
> **Defense Counsel**: Judge, I guess, for the record, I would at this point move for a mistrial because the jury has observed that.
> **State**: Let's play it through.
> (videotape is played)
> **The Court**: You turn that down just a second? Well, the jury had not seen any of the test being administered. The jury saw as I saw the officer turn his light on and start looking at the defendant's eyes, but I didn't see him administer the test. So I think we're going to cure this problem by fast forwarding, so your motion is overruled.

After the tape was fast-forwarded past the Horizontal Gaze Nystagmus ("HGN") test, the jury was allowed to return, and the remainder of the videotape was then played for the jury.

Corporal Stockdale testified that he then placed Defendant in his patrol car and read him the implied consent form. The Defendant signed the form but refused to consent to a blood alcohol test. Corporal Stockdale testified that, based on the evidence at the scene, the odor of alcohol, the Defendant's inability to perform sobriety tests, and his overall demeanor, he arrested the Defendant based on his inability to operate a vehicle.

On cross-examination, Corporal Stockdale testified that he actually read the implied consent form to the Defendant after he was already at the police department. Corporal Stockdale also stated that, in his report that was prepared a few days after the incident, he stated the Defendant exhibited slurred speech. Corporal Stockdale stated he did not include this fact in his initial report because he felt it was not as important as the failed field sobriety tests.

On the evidence presented, the Defendant was convicted of driving under the influence, second offense. The Defendant was sentenced to eleven months and twenty-nine days, with all but ninety days suspended, and a $1000 fine.

## II. Analysis

On appeal, the only allegation of error is that the trial court erred in not declaring a mistrial after a videotape of the stop showing Corporal Stockdale preparing to give the HGN test was played for the jury.

The decision to grant a mistrial is within the sound discretion of the trial court. *State v. Robinson*, 146 S.W.3d 469, 494 (Tenn. 2004). A mistrial should be declared "upon a showing of manifest necessity" and should be granted when "the trial cannot continue, or a miscarriage of justice would result if it did." *Id.* (citing *State v. Saylor*, 117 S.W.3d 239, 250-51 (Tenn. 2003) and *State v. Land*, 34 S.W.3d 516, 527 (Tenn. Crim. App. 2000)). In order to reverse, we must find a clear showing of abuse of discretion. *Id.* (citing *State v. Reid*, 91 S.W.3d 247, 279 (Tenn. 2002)).

The transcript of the evidence shows that the video began playing for the jury, and at some point the Defendant objected when it became clear that the officer was about to perform the HGN test, which is inadmissible without a proper foundation. *State v. Murphy*, 953 S.W.2d 200, 201 (Tenn. 1997). The tape was stopped, at what point we do not know, except for the trial court's statement, "Well, the jury had not seen any of the test being administered. The jury saw as I saw the officer turn his light on and start looking at the defendant's eyes, but I didn't see him administer the test." The Defendant did not object to this characterization of what the jury saw. The jury never heard any mention of a HGN test being performed as the discussion was had while the jury was out of the room. Thus, the only evidence in issue is that portion of the video that contains Corporal Stockdale's preparation to administer the test.

In *Murphy*, the testimony in issue was the arresting officer's description of the HGN test, his test of the defendant, and his conclusions therefrom. *Id.* at 201-02. In *State v. Ricky Wayne Cooper*, this Court found it was error for a jury to even hear testimony that the HGN test was administered.

No. 02C01-9710-CC-00396, 1998 WL 518124, at \*1 (Tenn. Crim App., at Jackson, Aug. 21, 1998). We find both of these cases distinguishable because the jury neither heard Corporal Stockdale's description of the test nor did it hear that the test was administered. Thus, we cannot conclude that the Defendant has proven that this video testimony was improper.

However, even if the video of the officer's preparation was improper, the Defendant has not shown the trial court abused its discretion in not declaring a mistrial. Although the testimony was offered by the State, the State's case was strong considering the rest of Corporal Stockdale's testimony. Additionally, the Defendant did not ask for a curative instruction. *See* Tenn. R. App. P. 36(a). Because the Defendant has not demonstrated that the trial court clearly abused its discretion, the Defendant is not entitled to relief on this issue.

### III. Conclusion

In accordance with the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____

ROBERT W. WEDEMEYER, JUDGE